# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| Fulton County Special Purpose Grand Jury<br><br>v.<br><br>Lindsey Graham | Case No. 22-12696 |

# TIME-SENSITIVE MOTION TO STAY APPELLATE PROCEEDINGS AND MOTION TO DISMISS APPEAL AND VACATE BY SENATOR LINDSEY O. GRAHAM

No. 22-12696, *Fulton County Special Purpose Grand Jury v. Senator Lindsey Graham*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Defendant-Appellant Senator Lindsey Graham ("Senator Graham") provides this Certificate of Interested Persons and Corporate Disclosure Statement. To the best of Senator Graham's knowledge, the following persons and entities may have an interest in the outcome of this case:

Alabama, State of

Association of American Physicians and Surgeons

Austin, Marshall T.

Ayer, Donald B.

Cross, Anna Green

Daniel, Edward Bart

Eagle Forum Education & Legal Defense Fund

Eisen, Norman Larry

Farmer, John

Fitch, Lynn

Florida, State of

Fulton County District Attorney's Office

Fulton County Special Purpose Grand Jury

Graham, Senator Lindsey O.

Indiana, State of

Jonathan L. Williams, P.A.

Jones Day

Kaplan Hecker & Fink LLP

Knudsen, Austin

Law Office of M. Elizabeth Wells

Landry, Jeff

Lea, Brian C.

Lee Nielsen

Lee, Thomas R.

Lindley, Tyler B.

Louisiana, State of

Luther III, Robert

Mariotti, Renato

Marshall, Steve

Mascott, Jennifer L.

Matz, Joshua Adam

May, Hon. Leigh Martin

McBurney, Hon. Robert C. I.

McCotter, R. Trent

McGahn II, Donald F.

Mississippi, State of

Missouri, State of

Montana, State of

Moody, Ashley

Muller, Derek T.

Nelson Mullins Riley & Scarborough LLP

Ney, Adam

Nielsen, Tyler B.

Norman Eisen PLLC

Paxton, Ken

Pettit, Lanora

Ratakonda, Maithreyi

Reyes, Sean

Rokita, Todd

Sahlberg, Jacqueline K.

Saldana, Sarah R.

Scherzer, Aaron

Schlafly, Andrew L.

Schmitt, Eric

Separation of Powers Clinic, Antonin Scalia Law School

South Carolina, State of

States United Democracy Center

Stone II, Judd E.

Texas, State of

Tolentino, Raymond P.

United States Senate

Utah, State of

Wade, Nathan J.

Wakeford IV, Francis McDonald

Webster, Brent

Weld, William F.

Wells, Mary Elizabeth

Williams, Jonathan Lentine

Willis, Fani T.

Wilson, Alan

Wilson, Benjamin D.

Wooten, John William

Wu, Shan

No. 22-12696, *Fulton County Special Purpose Grand Jury v. Senator Lindsey Graham*

To the best of Senator Graham's knowledge, no other persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

| | |
|---|---|
| Date: December 12, 2022 | Respectfully submitted, |
| | /s/ *Brian C. Lea* |
| | Brian C. Lea |
| | JONES DAY |
| | 1221 Peachtree Street, N.E. |
| | Suite 400 |
| | Atlanta, Georgia 30361 |
| | Telephone: (404) 521-3939 |
| | |
| | *Counsel for Defendant-Appellant* |
| | *United States Senator Lindsey Graham* |

## **TIME-SENSITIVE MOTION TO STAY APPELLATE PROCEEDINGS AND MOTION TO DISMISS APPEAL AND VACATE**

Senator Graham moves this Court to take two actions: (1) to dismiss the appeal as moot, vacate the district court's judgment, and remand with instructions to dismiss the case as moot under *United States v. Munsingwear, Inc*., 340 U.S. 36 (1950); and (2) to stay the appellate proceedings in this case, including the briefing schedule, until the Court decides that motion to dismiss. These motions, and particularly the motion to stay appellate proceedings, are time-sensitive due to the December 22 deadline for Senator Graham's Reply Brief, which should be unnecessary in light of the mootness of this appeal.[1]

Senator Graham's counsel consulted with the District Attorney's office concerning the relief requested by these motions. During a December 6 phone conversation, Chief Senior Assistant District Attorney Donald Wakeford stated that he would provide the District Attorney's position long before the deadline for Senator Graham's Reply Brief. On December 9, Senator Graham's counsel followed up by email to ask when the District Attorney's Office would state its position. Mr. Wakeford responded during the night of Sunday, December 11, to say that he "expect[ed] … to be able to provide a response by Tuesday," December 13.

---

[1] If this Court either refers the motion to dismiss to the merits panel or denies the motion, then Senator Graham's reply brief should be due 30 days after this Court's order on the motion to dismiss.

1

In light of the tentativeness of that response and the impending deadline, Senator Graham files these motions now to give this Court the time to rule (at minimum, with respect to the motion for a stay) before the Senator is compelled to file a Reply in an appeal that—as discussed below—all agree has become moot. *See* December 12, 2022, Decl. of B. Lea ¶¶ 5-8 (Ex. A).

## REASONS FOR GRANTING THE MOTIONS

### A.  First Motion:  This Court Should Grant the Motion to Dismiss.

All agree that, while this appeal was pending, the case has become moot. This Court should follow its established practice under these circumstances: When "a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot." *In re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983). That "established practice" makes sense:  It ensures that "the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." *Munsingwear*, 340 U.S. at 40.

**1.**  The case has become moot while pending on appeal, as the District Attorney repeatedly acknowledges in her brief. *See* Appellee's Br. at 6 (CA11 Doc. 64) ("agree[ing]" and "submit[ting] that the Senator's appeal is moot"); *id.* at 4 ("[T]he Senator's appeal . . . is moot."); *id.* at S-1 (arguing that "this appeal will

2

become moot" when the Senator "compl[ies] with the district court's order directing him to" testify before the grand jury, as he has now done).

Through this federal-court case and appeal, Senator Graham sought to quash a subpoena that required him to testify before a Georgia special-purpose grand jury. *See, e.g.*, Doc. 2 (Motion to Quash). He contended that the Constitution and federal law protected him from having to sit for any questioning before the state-court body. After a limited remand from this Court, the district court granted Senator Graham's motion in part and—as relevant here—denied the Senator's request to quash the subpoena in its entirety.[2] Docs. 27, 44. Thus, together, the district court's orders required Senator Graham to appear for questioning before the grand jury.

Senator Graham appealed to this Court. Docs. 32, 48. He also sought a stay, but the courts ultimately declined to issue one. *See, e.g.*, *Graham v. Fulton Cty. Spec. Purpose Grand Jury*, No. 22A337, 2022 WL 16558760, at *1 (U.S. Nov. 1, 2022); *Fulton Cnty. Special Purpose Grand Jury v. Graham*, No. 22-12696-DD, 2022 WL 13682659, at *2 (11th Cir. Oct. 20, 2022). So without a stay and while Senator Graham's appeal remained pending, he was compelled to testify.

Before this appeal was resolved, Senator Graham thus did in fact testify. The testimony occurred and concluded on November 22, 2022. *See* Lea Decl. ¶¶ 3-4

---

[2] The District Attorney did not appeal the partial grant of Senator Graham's motion to quash. Appellee's Br. at 9.

3

(Ex. A). The relief he sought through this case and appeal—quashal of the subpoena and an order directing that he need not testify—has therefore become moot. As the District Attorney argued in its Appellee's Brief, this Court is "no longer [] able to 'grant meaningful relief' to Senator Graham even if he were to prevail in his appeal." Appellee's Br. at 6 (CA11 Doc. 64) (quoting *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1331–32 (11th Cir. 1996)).

**2.** The "established practice" in these circumstances is for this Court to dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot. *Munsingwear*, 340 U.S. at 39.

This Court follows that established practice. "Precedent in this circuit makes clear that, when a case becomes moot during the appeal process, the proper response is for this court to dismiss the case." *Key Enterprises of Delaware, Inc. v. Venice Hosp.*, 9 F.3d 893, 898 (11th Cir. 1993). And under the so-called *Munsingwear* rule, the court "must [also] … vacate the district court's judgment, and remand with instructions to dismiss the case as moot." *In re Ghandtchi*, 705 F.2d 1315 at 1316. That practice is premised on the idea that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

4

Senator Graham falls squarely within this *Munsingwear* rule as authoritatively applied by this Court. When a subpoena recipient "compl[ies]" with a subpoena and a district-court order enforcing it before the appellate court can rule, the case is moot, and this Court will "remand th[e] case to the trial court with directions to vacate [its] orders." *Morgan v. Roberts*, 702 F.2d 945, 946–47 (11th Cir. 1983); *accord, e.g.*, *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1089 (D.C. Cir. 2017). This includes when, as here, the subpoena-recipient appellant "testified before the grand jury after this court denied an emergency stay pending appeal." *In re Fed. Grand Jury Proc., 89-10 (MIA)*, 938 F.2d 1578, 1580 (11th Cir. 1991); *see id.* at 1581 ("vacat[ing] the judgment of the district court and remand[ing] with instructions to dismiss the case as moot"). These cases exist for good reason: The subpoena-recipient appellant by no means "voluntarily forfeited his legal remedy" when he was *compelled* to testify before resolution of his appeal. *U.S. Bancorp*, 513 U.S. at 25; *id.* at 25 (noting that vacatur is warranted when, as here with the District Attorney, "mootness results from the unilateral act of the party who prevailed below"). It is thus most consonant with justice to dismiss the appeal; vacate the district court's orders; and instruct the district court to dismiss the case as moot. *See, e.g.*, *O'Neal v. United States*, 825 F. App'x 695, 698–99 (11th Cir. 2020); *In re Fed. Grand Jury Proc., 89-10 (MIA)*, 938 F.2d at 1580–81.

### B.  Second Motion:  This Court Should Stay Further Appellate Proceedings During Its Consideration of the Motion to Dismiss.

Senator Graham separately moves the Court to stay this appeal until the Court disposes of the foregoing motion to dismiss.  Without a stay, the Senator's reply brief on the merits would be due on December 22—even before the briefing on the motion to dismiss concludes.  *See* Fed. R. App. P. 27(a)(3)–(4).  The Senator should not have to simultaneously brief mootness (an issue that naturally precedes the merits) and the merits at once in two separate briefs, especially because the mootness issue is so clear-cut and would obviate any further proceedings.  If the Court dismisses the appeal and orders *Munsingwear* vacatur, as described above, then there will be no need for Senator Graham to file a reply brief on the merits.  In the interest of judicial economy and out of fairness to Senator Graham, this Court should therefore hold this appeal in abeyance pending the motion to dismiss.

## CONCLUSION

For these reasons, the Court should dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot.  And, regardless whether it grants that motion to dismiss, the Court should stay the appellate proceedings, including the merits briefing schedule, during its consideration of the motion to dismiss.

| | |
|---|---|
| Date: December 12, 2022 | Respectfully submitted, |
| | */s/ Brian C. Lea* |
| DONALD F. MCGAHN II | BRIAN C. LEA |
| ROBERT LUTHER III | JONES DAY |
| JONES DAY | 1221 Peachtree Street, N.E., |
| 51 Louisiana Ave., NW | Suite 400 |
| Washington, DC 20001 | Atlanta, Georgia 30361 |
| (202) 879-3939 | (404) 521-3939 |
| dmcgahn@jonesday.com | blea@jonesday.com |
| rluther@jonesday.com | |

*Counsel for Defendant-Appellant United States Senator Lindsey Graham*

7

## **CERTIFICATE OF COMPLIANCE**

1.  This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 26.1-3(c), this document contains 1418 words.

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Date: December 12, 2022                   Respectfully submitted,

/s/ *Brian C. Lea*
Brian C. Lea
JONES DAY
1221 Peachtree Street, N.E.
Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939

*Counsel for Defendant-Appellant*
*United States Senator Lindsey Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 12, 2022, I electronically filed the foregoing document using the Court's Appellate PACER system, which will automatically send e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system and each of whom may access this filing via the Court's Appellate PACER system.

Date:  December 12, 2022                    Respectfully submitted,

/s/ *Brian C. Lea*
Brian C. Lea
JONES DAY
1221 Peachtree Street, N.E.
Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939

*Counsel for Defendant-Appellant*
*United States Senator Lindsey Graham*

9